

June 26, 2025

Via ECF

Honorable Pamela K. Chen
United States District Court Eastern District of New York
Chambers Room N631
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  Tools Aviation, LLC v. Digital Pavilion Electronics LLC et al 1:20-cv-02651-PKC-VMS
        <u>Letter pursuant to June 12, 2025, Order Regarding Monetary Damages</u>

Dear Honorable Judge Chen:

We represent the Plaintiff ("Tools Aviation" or "Plaintiff") in the above-referenced matter and we write pursuant to the Court's Order of June 12, 2025, regarding monetary damages.

Plaintiff has discovered around 2000 units of sales of the infringing RadCad battery caddies made through April 2022 by Defendants. For purposes of this letter, a back of the envelope calculation for applying a hypothetical royalty rate from anywhere between 5% and 10% to these caddies that sell at retail for around $10 each (absent evidence of expenses) would result in a damage amount from between $1000 to $2000. This accounting is a clear underestimate because the number of units disclosed is by SKU and does not account for the fact that Defendants sold their infringing battery under some SKUs in multiple caddy packages of up to five caddies and in other SKUs in conjunction with a battery charger but it provides some context for the order of magnitude of the provable monetary damages suffered by Plaintiff up to that date.

Through its own investigation as well as representations by Defendants, Tools Aviation does not believe that significantly more sales have been made since April 2022 to materially change the monetary damage to Tools Aviation. It cannot be disputed though that Tools Aviation has suffered calculable monetary damages which are more than merely nominal.[1]

Unfortunately however, these damage amounts cannot begin to compensate Plaintiff for the ongoing harm that Defendants' willful and continuing use of the infringing products is inflicting on Tools Aviation's business and its reputation in this market that it built its business around. Thus, the greater concern to Tools Aviation is the fact that the infringing products are still being used and offered for sale by Defendants in the same fashion documented in Plaintiff's motion for attorney fees and injunctive relief over seven months ago (see ECF 102, p. 7).

---

[1] The Supreme Court in Farrar found that a plaintiff who won nominal damages was still the prevailing party. *Ssl Services, LLC v. Citrix Systems, Inc.,* 769 F.3d 1073, 1087 (Fed. Cir. 2014), discussing *Farrar v. Hobby*, 506 U.S. 103, 115-116 (1992).

Honorable Pamela K. Chen
June 26, 2025



Given the limited nature of any relief on monetary damages and the greater importance the issues of an injunction and attorney's fees have, Plaintiff does not believe that the Court must or should defer ruling on the pending motion for attorney's fees and injunctive relief.

Plaintiff is available to provide any further information required. We thank the Court for its attention to this matter.

> Respectfully submitted,
> /*Michael G. Gabriel*/
> Michael G. Gabriel.