UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x

TOOLS AVIATION, LLC,

                Plaintiff,

       -against-                       20-CV-2651 (PKC) (VMS)

DIGITAL PAVILION ELECTRONICS LLC,
EAST BROOKLYN LABS LLC, and
FIREMALL LLC,

                Defendants.
---------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR RECONSIDERATION OF "EXCEPTIONAL CASE" FINDING**

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................. 1

II.     RELEVANT FACTUAL BACKGROUND.................................................................... 2

III.    LEGAL STANDARDS ......................................................................................... 4

        A.      Reconsideration.......................................................................................... 4

        B.      "Exceptional Cases" Under 35 U.S.C. §285.......................................................... 4

IV.     THE COURT'S "EXCEPTIONAL CASE" FINDING SHOULD BE
        RECONSIDERED ................................................................................................ 5

        A.      An "Exceptional Case" Finding Is Premature ........................................................ 5

        B.      The Circumstances of This Case Do Not Support an Exceptional Case
                Finding ....................................................................................................... 6

                1.      Defendants' Defense of This Case Was Not Objectively
                        Unreasonable and There Were Successful and Losing Arguments
                        by Both Sides ..................................................................................... 7

                2.      Isolated Instances of Defendants' Counsel's Behavior Should Not
                        Be Used as a Basis to Sanction Defendants................................................. 8

                3.      Plaintiff's Litigation Conduct Wasted the Court's Time........................... 10

                4.      Plaintiff's "Nominal" Damages Are Relevant........................................ 11

V.      CONCLUSION.................................................................................................. 11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arbrook, Inc. v. Am. Hosp. Supply Corp.*,
645 F.2d 273 (5th Cir. 1981) ...............................................................................10

*Baldwin Hardware Corp. v. FrankSu Enter. Corp.*,
78 F.3d 550 (Fed. Cir. May 22, 1996) .................................................................10

*Biax Corp. v. Nvidia Corp.*,
626 F. App'x 968 (Fed. Cir. 2015) .........................................................................4

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*,
858 F.3d 1371 (Fed. Cir. 2017).................................................................4, 6, 7, 8

*CT Espresso LLC v. Lavazza Premium Coffees Corp.*,
No. 22-cv-377-DLC, 2022 WL 17156759 (S.D.N.Y. Nov. 22, 2022) ...................4

*Drop Stop LLC v. Jian Qing Zhu*,
757 F. App'x 994 (Fed. Cir. 2019) .......................................................................10

*Essociate, Inc. v. 4355768 Canada Inc.*,
No. 8:14-cv-679, 2015 WL 12766051, at *3 (C.D. Cal. Apr. 1, 2015) ..................9

*Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*,
698 F. Supp. 3d 1221 (S.D. Cal. 2023).................................................................8

*Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*,
790 F.3d 1369 (Fed. Cir. 2015).............................................................................7

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
430 F.3d 1377 (Fed. Cir. 2005).............................................................................5

*London v. Carson Pirie Scott & Co.*,
946 F.2d 1534 (Fed. Cir. 1991).............................................................................8

*Lurzer GMBH v. Am. Showcase, Inc.*,
75 F. Supp. 2d 98 (S.D.N.Y. 1998) ......................................................................11

*In re Maxim Integrated Prods., Inc.*,
No. 12-880, 2015 WL 867651 (W.D. Pa. Feb. 27, 2015).......................................6

*Mondis Tech. Ltd v. LG Elecs., Inc.*,
407 F. Supp. 3d 482 (D.N.J. 2019),
*reversed on other grounds*, No. 2023-2116, 2025 WL 2264077 (Fed. Cir. Aug. 8, 2025) .......6

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014)......................................................................................................4, 7

*Park-In-Theatres v. Perkins*,
    190 F.2d 137 (9th Cir. 1951) ...........................................................................................4

*Polysius Corp. v. Fuller Co.*,
    709 F. Supp. 560 (E.D. Pa.), *aff'd*, 889 F.2d 1100 (Fed. Cir. 1989)....................................6, 11

*In re Rembrandt Techs. LP Pat. Litig.*,
    899 F.3d 1254 (Fed. Cir. 2018)..........................................................................................5

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995)..................................................................................................4

*Small v. Implant Direct Mfg. LLC*,
    No. 1:06-cv-683-NRB, 2014 WL 5463621 (S.D.N.Y. Oct. 23, 2014),
    *aff'd*, 609 F. App'x 650 (Fed. Cir. 2015)..........................................................................10

*Sorenson v. Wolfson*,
    683 F. App'x 33 (2d Cir. 2017) ...........................................................................................5

*U.S. Silica Co. v. Amberger Kaolinwerke Eduard Kick Gmbh & Co. KG*,
    No. 2:20-cv-298-JRG, 2023 WL 5279146 (E.D. Tex. Aug. 16, 2023) ....................................9

*Universal Stabilization Techs., Inc. v. Advanced Bionutrition Corp.*,
    No. 17-cv-87-GPC(MDD), 2018 WL 6181479 (S.D. Cal. Nov. 27, 2018)..............................7

**Statutes**

35 U.S.C. § 285.................................................................................................. *passim*

**Other Authorities**

Local Rule 6.3 ............................................................................................................1

Fed. R. Civ. P. 54.....................................................................................................2, 5, 6

Pursuant to Local Rule 6.3, Defendants respectfully move for reconsideration of the Court's August 29, 2025 Order (Dkt. 106, "Order") finding this case to be "exceptional" pursuant to 35 U.S.C. § 285 and granting Plaintiff's motion for attorney's fees.

## I.    INTRODUCTION

As discussed below, the Court's Order finding this to be an "exceptional case" should be reconsidered because it sanctions Defendants for: (a) relying on the advice of their counsel; and (b) their counsel's rhetoric in the summary judgment briefing. The circumstances to date, when viewed in their totality, do not warrant an exceptional case finding.[1]

Defendants—who have little experience with legal matters, and even less experience with patents—reasonably relied on the conviction of experienced patent counsel that the accused battery caddy did not infringe Plaintiff's patents. In fact, the Court sided with Defendants on key claim construction arguments (and, while declining to adopt other constructions, did not find Defendants' proposals unreasonable). Though the Court ultimately granted summary judgment in Plaintiff's favor, this case lacks the hallmarks of an "exceptional case."

The Court's decision focused, in large part, on "over-the-top" commentary by Defendants' former counsel in his summary judgment submissions. But the Court's warning as to such conduct was taken seriously by Defendants—and not repeated. It would be unfair to find this case exceptional over an issue that Defendants were not aware of and promptly addressed.

The Order also noted that some of Defendants' non-infringement arguments were not fully developed and resulted in unnecessary work by the Court. But these arguments, while ultimately unsuccessful, were advanced in good faith. In contrast, Plaintiff implored the Court to undertake

---

[1] For purposes of this motion for reconsideration, Defendants understand that the Court has determined that its accused product was infringing (each of the three asserted patents are now expired). For the sake of clarity, Defendants reserve all rights to appeal, including the Court's summary judgment order.

an analysis of the *eBay* factors and issue an injunction while being fully aware that all three of the patents-in-suit were about to expire.

In fact, it was Plaintiff that urged the Court to prematurely consider in an exceptional case and attorney's fees motion. The plain language of Rule 54 (and the cases interpreting the rule) make clear that such determinations should not be made before a final judgment is entered—something that has yet to happen in this case.

For these reasons, and those discussed below, the Court should reconsider the Order and decline to find this case exceptional or award attorneys' fees.

## II.     RELEVANT FACTUAL BACKGROUND

The dispute between the Parties dates back to 2019. From the outset, Defendants strongly believed that the asserted patents were not infringed. Since Defendants had no prior experience with patents or patent litigation, they relied entirely on the opinion of their counsel—Mr. Fink—who has more than 50 years of experience in patent law. While they did not have patent expertise themselves, it seemed impossible to Defendants that they could be infringing patents by manufacturing a simple plastic battery caddy—which seemed to them to be a product that has existed for at least a century:





| Bottle Basket | Test Tube Rack | Ammunition Cartridge Rack |
| Pat# 476,150 (1894) | Pat# 2,046,864 (1933) | Pat# 1,634,953 (1923) |

As is evident from the papers, Defendants' counsel was steadfast in his reading of the asserted patents. Indeed, as discussed below, the Court adopted some of Defendants' claim construction arguments over Plaintiff's objections. And, as discussed on the record, Mr. Fink was

so confident in his position that he informed Defendants repeatedly that the Court would award attorney fees *to Defendants* at the end of the case because Plaintiff's infringement arguments were so baseless. (*See, e.g.*, Dkt. 62, Tr. 22:18-19 (MR FINK: "It's interesting that Mr. Gabriel and I had the same thought; this is an exceptional case."); 24:5-6 ("MR. FINK: I think the defendants are entitled to legal fees").)

The Court's September 30, 2024 Summary Judgment Order (Dkt. 94, "SJ Order") was a shock to Defendants—for two reasons. First, in view of the guidance they had received from counsel, Defendants were blindsided by the finding of infringement. Although they had sold insignificant quantities of the accused product, Defendants believed that they were firmly in the right and were being bullied by an established player in the field. In all events, within an hour of receiving the SJ Order, Defendants had taken down all listings for the accused product and ceased sales.[2]

Second, Defendants were disturbed by the Section of the SJ Order entitled "Defense Counsel's Conduct." (SJ Order at 9-11). Defendants were unaware that their counsel had made submissions containing inappropriate commentary and were mortified, not only by the threat of sanctions, but how it reflected on their business. Defendants were assured that there would be no further rhetoric and the papers would focus on the nuances of patent law, which their counsel spoke of with passion and conviction.

---

[2] In its reply brief, Plaintiff argued that that sales by Focus Camera, LLC were attributable to Defendants because "Plaintiff has reason to believe that Focus Camara is a related entity to Defendants." (Dkt. 102 at 5.) However, the entities are unrelated, and Defendants can provide a declaration to that effect.

## III.    LEGAL STANDARDS

### A.    Reconsideration

Reconsideration may be granted where "the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may also be granted to correct a clear error or prevent manifest injustice. *See, e.g.*, *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-cv-377-DLC, 2022 WL 17156759, at *4 (S.D.N.Y. Nov. 22, 2022) (reversing dismissal of defamation claim).

### B.    "Exceptional Cases" Under 35 U.S.C. §285

Exceptional cases are "rare." *Biax Corp. v. Nvidia Corp.*, 626 F. App'x 968, 971 (Fed. Cir. 2015) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014)).

Notwithstanding a district court's broad discretion in making an exceptional-case determination, the Supreme "Court has cautioned that fee awards are not to be used are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (quoting *Octane Fitness*, 572 U.S. at 548). "The legislative purpose behind § 285 is to prevent a party from suffering a 'gross injustice': 'The exercise of discretion in favor of [awarding attorney fees] should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees.'" *Checkpoint Sys.*, 858 F.3d at 1376 (quoting S. Rep. No. 1503, 79th Cong., 2d Sess. (1946) (addressing the §70 precursor to §285)); *see also Octane Fitness*, 572 U.S. at 549 ("The provision enabled [district courts] to address 'unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force,' which made a case so unusual as to warrant fee-shifting.") (quoting *Park-In-Theatres v. Perkins*, 190 F.2d 137, 142 (9th Cir. 1951)). If fees are awarded, "the amount of the award must bear some relation to the

extent of the misconduct." *In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1279 (Fed. Cir. 2018).

## IV.   THE COURT'S "EXCEPTIONAL CASE" FINDING SHOULD BE RECONSIDERED

### A.   An "Exceptional Case" Finding Is Premature

As a preliminary matter, the Court's "exceptional case" finding should be vacated because it is procedurally premature. There has been no final judgment[3] and material issues (e.g., damages) still remain to be decided. (Order at 4 (directing the Clerk "to reopen this matter for consideration of the remaining issues").) Indeed, the Court previously requested input from Plaintiff regarding "whether the Court must defer ruling on the pending motion for attorney's fees and injunctive relief until the issue of damages is resolved." (June 12, 2025 Minute Entry.)

In response to the Court's inquiry, Plaintiff merely responded that "Plaintiff ***does not believe*** that the Court must or should defer ruling on the pending motion for attorney's fees." (Dkt. 105.) Plaintiff did not provide any authority for such "belie[f]."

But the face of Rule 54(d) itself indicates that a motion for attorney's fees—and thus a prerequisite exceptional case finding—should not be decided before final judgment is entered. Fed. R. Civ. P. 54(d)(2)(B)(ii) (a motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award"). "No provision in section 285 exempts requests for attorney fees thereunder from compliance with Rule 54(d)(2)(B)." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1386 (Fed. Cir. 2005); *see also, e.g.*, *Sorenson v. Wolfson*, 683 F. App'x 33, 36 (2d Cir. 2017) (affirming denial of motion for attorney's

---

[3] The Order acknowledges that the Court's prior direction to "close this case" was an administrative error. (Order at 4 n.1.)

fees in copyright case where movant did not comply with Rule 54(d)(2)(B)(iii)'s requirement to "state the amount sought").

In addition to the plain requirements of Rule 54, the exceptional case analysis is viewed under the totality of the circumstances. For this reason, the issue of damages "is highly relevant on the issue of whether this is an exceptional case." *Polysius Corp. v. Fuller Co.*, 709 F. Supp. 560, 577-78 (E.D. Pa.), *aff'd*, 889 F.2d 1100 (Fed. Cir. 1989). Earlier today, Plaintiff suggested that the Court exercise its discretion to impose a "damage amount." (Dkt. 107.)

Accordingly, "[b]ecause this case has not reached final judgment, the motion for a declaration of an exceptional case, pursuant to 35 U.S.C. § 285, is also premature." *Mondis Tech. Ltd v. LG Elecs., Inc.*, 407 F. Supp. 3d 482, 502 (D.N.J. 2019), *reversed on other grounds*, No. 2023-2116, 2025 WL 2264077 (Fed. Cir. Aug. 8, 2025); *see also, e.g.*, *In re Maxim Integrated Prods., Inc.*, No. 12-880, 2015 WL 867651, at *8 (W.D. Pa. Feb. 27, 2015) ("A motion for attorneys' fees cannot be filed until after entry of judgment, including a partial final judgment, unless a statute or court order provides otherwise.").

### B. The Circumstances of This Case Do Not Support an Exceptional Case Finding

In addition to the procedural issues, the circumstances of this case do no support an "exceptional case" finding against Defendants. The Order based its "exceptional case" finding on two grounds: (i) "Defendants' weak defenses"; and (ii) "defense counsel's 'unprofessional and inappropriate behavior.'" (Order at 8-10.) In its analysis, the Order also discounted the facts that (iii) "Plaintiff ... engaged in unreasonable conduct"; and (iv) "Plaintiff's concession that money damages from Defendants' sales of the infringing product are likely low." (*Id.* at 11-12.) Defendants respectfully submit that the circumstances of this case, to date, cannot support a finding of any "unfairness or bad faith" necessary to support a fee award. *Checkpoint Sys.*, 858 F.3d at 1376.

### 1. Defendants' Defense of This Case Was Not Objectively Unreasonable and There Were Successful and Losing Arguments by Both Sides

With respect to the Order's finding regarding "Defendants' weak defenses," the Order "notes that there was sufficient evidence to grant summary judgment in favor of Plaintiff." (Order at 8.) However, as the Court acknowledges, "fee awards are not to be used are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Checkpoint Sys.*, 858 F.3d at 1376 (quoting *Octane Fitness*, 572 U.S. at 548).

The Order nonetheless found Defendants' positions "weak," in part, because they did not contest that the accused product met some of the asserted patents' claim elements (e.g., that its accused caddy has "compartments" for holding batteries). (Order at 9 (citing SJ Order at 27).) Whether or not Defendants conceded that certain claim elements were met by the accused product is not determinative of the substantive strength of Defendants' overall non-infringement positions, since "***every*** limitation set forth in a claim must be found in an accused product" "[t]o establish infringement." (SJ Order at 19 (internal quotation omitted) (emphasis added).)

To the extent that the Court's SJ Order also found Plaintiff's expert report to be "clear evidence" of infringement, "[f]ailure to win on summary judgment is not a basis for an attorney's fee award under § 285." *Universal Stabilization Techs., Inc. v. Advanced Bionutrition Corp.*, 2018 WL 6181479, at *4 (S.D. Cal. Nov. 27, 2018); *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("[F]ees are not awarded solely because one party's position did not prevail."). Notably, elsewhere in the SJ Order, the Court described Plaintiff's expert report as "somewhat conclusory." (SJ Order at 23.)

Further, the Court's SJ Order found that "each element of each Asserted Claim is literally present in the RadCad caddy or present under the doctrine of equivalents." (Order at 29.) The Court's reference to the doctrine of equivalents weighs against an "exceptional case" finding

because "[a]pplication of the doctrine of equivalents is the exception, ... not the rule." *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538 (Fed. Cir. 1991).

Put simply, viewing the "totality of the circumstances," Defendants' defense of this action was not objectively unreasonable and there were successes and failures on both sides. For example, at the claim construction stage, the Court both agreed with and disagreed with arguments by ***both sides***. (*See* Dkt. 52 at 25 ("Although the Court disagrees with Defendants that a bottom wall is integral to the frame, the Court agrees with Defendants that the bottom wall, when included, is intended "to prevent batteries in the plurality of compartments from falling out.""), 31-32 ("The Court thus rejects Defendants' request.... The Court also rejects Plaintiff's proposed functional limitation...."). This background further weighs against an "exceptional case" finding. *See, e.g.*, *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, 698 F. Supp. 3d 1221, 1228 (S.D. Cal. 2023) ("[R]esolution of the claim construction issues related to that claim term required a lengthy and detailed analysis of highly complicated prosecution history, ... and Plaintiffs' arguments in support of its proposed construction for that term were reasonable.").

To the extent that the Order also relies on a finding that "Defendants' submissions on summary judgment were devoid of 'meaningful analysis or application of relevant legal standards to the facts at hand'" (Order at 9), as discussed further below, such failings of Defendants' prior counsel did not support a situation where it is "grossly unjust that [Plaintiff] be left to bear the burden of his own counsel fees." *Checkpoint Sys.*, 858 F.3d at 1376 (internal quotation omitted).

### 2. *Isolated Instances of Defendants' Counsel's Behavior Should Not Be Used as a Basis to Sanction Defendants*

The Order found "litigation misconduct" based solely on "defense counsel's 'unprofessional and inappropriate behavior.'" (Order at 8, 10.) However, as explained above, Defendants were wholly relying on the advice of their prior attorney throughout the case. As best

understood from the Order, all of this behavior was isolated to the summary judgment stage of the case (including a concurrent motion to strike Plaintiff's expert). (*Id.* at 10.)  As such, Defendants had no cause to be aware of this "'concerning' conduct" (*id.*) until the Court issued its September 30, 2024 SJ Order.

In that SJ Order, the Court "warned" Mr. Fink that "[g]oing forward, [he] shall refrain from such *ad hominem* attacks, and ... that the use of such language **in the future** could result in sanctions." (SJ Order at 11 (emphasis added).)  Thus, this isolated attorney conduct—which occurred in just a small portion of the case and which the Court addressed at the time by admonishing Mr. Fink in a published Court Order—does not support yet another sanction, which this time would be exponentially more extreme (Plaintiff states that it seeks over a million dollars) and imposed on **Defendants** themselves.

Further, the "personal attacks" that the Court cites do not rise to the level of "litigation misconduct" that support an award of attorney's fees. Although Defendants take the Court's admonitions seriously and do not condone personal attacks, the conduct-at-issue was contained to the cited summary judgment filings and, as such, the Court was able to disregard any such attacks and Plaintiff was not prejudiced by them. *See, e.g.*, *Essociate, Inc. v. 4355768 Canada Inc.*, No. 8:14-cv-679, 2015 WL 12766051, at *3 (C.D. Cal. Apr. 1, 2015) ("'harassing' tactics related to discovery, counsel communications, and scheduling" "[did] not rise to the level of egregious behavior" for purposes of an "exceptional case" finding under §285 and noting that "the Court disregards the personal attacks put forward in the briefs by each party's counsel toward the other.").  Accordingly, this is not the type of conduct that supports an exceptional case finding because "an award of attorneys' fees under § 285 generally should be limited to compensating for the extra legal effort to counteract the misconduct." *U.S. Silica Co. v. Amberger Kaolinwerke*

*Eduard Kick Gmbh & Co. KG*, No. 2:20-cv-298-JRG, 2023 WL 5279146, at *4 (E.D. Tex. Aug. 16, 2023) (internal quotation omitted).

The *Drop Stop* case that the Order cites for support that "problematic conduct" can support an exceptional case finding is highly distinguishable from the facts of the present case. (*See* Order at 11 (citing *Drop Stop LLC v. Jian Qing Zhu*, 757 F. App'x 994, 998-99 (Fed. Cir. 2019)).) In that case, the district court found that the defendants **themselves** had engaged in such conduct (e.g., altering a "purported non-infringement opinion"), and that the conduct was pervasive. *Drop Stop*, 757 F. App'x at 998.

Likewise, the case that Plaintiff cited in support of its "Litigation Conduct" section advised that "most cases awarding fees continue to involve **substantial** litigation misconduct." *Small v. Implant Direct Mfg. LLC*, No. 1:06-cv-683-NRB, 2014 WL 5463621, at *4 (S.D.N.Y. Oct. 23, 2014) (emphasis added), *aff'd*, 609 F. App'x 650 (Fed. Cir. 2015). To the extent that Plaintiff seeks to argue that Mr. Fink's conduct did cause it to undergo "extra legal effort," Plaintiff could have sought sanctions against him directly. *See, e.g.*, *Baldwin Hardware Corp. v. FrankSu Enter. Corp.*, 78 F.3d 550, 562 (Fed. Cir. May 22, 1996) (affirming denial §285 award but granting of §1927 award); *Arbrook, Inc. v. Am. Hosp. Supply Corp.*, 645 F.2d 273, 279 (5th Cir. 1981) (rejecting fee award for "improper conduct during discovery" under §285 and stating that "the proper remedy lies under Fed.R.Civ.P. 37").

### 3. *Plaintiff's Litigation Conduct Wasted the Court's Time*

As Plaintiff acknowledged in a filing made earlier today, all three asserted patents expired on September 2, 2025, i.e., **the business day after the injunction issued**. (Dkt. 107.) Plaintiff never advised the Court in its Motion for a Preliminary Injunction of that significant timeline (i.e., that there were less than nine months left on the patents as of the time that the motion was fully briefed). Nor did Plaintiff advise the Court of that fact on June 26, 2025 (when there were less

than 10 weeks remaining on the patents), in its letter response telling the Court that an injunction was "of great[] importance" and that it would like the Court to proceed with deciding its motion for a permanent injunction. (*Id.*) As a result of Plaintiff's June 26, 2025 letter, the Court spent time and resources drafting an analysis and Order that was ultimately moot.

### 4. Plaintiff's "Nominal" Damages Are Relevant

Although the issue of damages has yet to be decided, the Order found that "Plaintiff's concession that money damages from Defendants' sales of the infringing product are likely low, ... [is not] particularly relevant to the attorney's fees analysis." (Order at 11.) As best understood, the Court found that Plaintiff's request for a permanent injunction mitigated the unreasonableness of pursuing a protracted litigation where damages are likely low. (*See id.* at 11-12) However, as discussed above, all of the asserted patents have expired. (*See* Dkt. 107.) When the litigation began on June 5, 2020, the patents had approximately five years left before expiration.

Plaintiff never moved for a preliminary injunction. According to the analytics tool of DocketNavigator (a litigation research tool), the average time for a patentee's summary judgment motion to be decided in this district is 3.6 years from the time the case was filed, and can take up to 6 years. Accordingly, if Plaintiff's entire motivation for pursuing this case was obtaining an injunction, that strategy was unreasonable. (Dkt. 62, Tr. 21:1-23 (Magistrate Judge Scanlon cautioning Plaintiff to consider if it is "reasonable to continue" if there are "no damages" available). Further, regardless of whether Plaintiff is seeking an "inflated award" (Order at 11), the "nominal" damages sought are relevant. *See, e.g.*, *Polysius Corp.*, 709 F. Supp. at 577-78; *Lurzer GMBH v. Am. Showcase, Inc.*, 75 F. Supp. 2d 98, 102 (S.D.N.Y. 1998).

## V. CONCLUSION

For the above reasons, the Order finding this to be an "exceptional case" and awarding attorneys' fees should be vacated.

Respectfully submitted,

Dated: September 12, 2025                    By: *s/ Mark Berkowitz*
                                             Mark Berkowitz
                                             Sandra A. Hudak
                                             TARTER KRINSKY & DROGIN LLP
                                             1350 Broadway
                                             New York, NY 10018
                                             Tel.: (212) 216-8000
                                             Fax: (212) 216-8001
                                             E-mail: mberkowitz@tarterkrinsky.com
                                                       shudak@tarterkrinsky.com

                                             ***Attorneys for Defendants***

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I hereby certify that the foregoing document complies with the word-count limitations in Local Civil Rule 7.1(c). According to the word count feature of Microsoft Word, the motion contains 3,485 words, excluding the exempted parts under Local Civil Rule 7.1(c). Dkt. 111 inadvertently included an incorrect word-count.

*s/ Mark Berkowitz*
Mark Berkowitz
